JEREMIAH P. FOWLES *versus* THOMAS H. TREADWELL & al.

Where an officer attached goods and suffered them to go immediately back into the possession of the debtor, taking the receipt of the latter therefor, he therein engaging to redeliver the same to the officer on demand; and then the officer made a demand of the goods, and failing to obtain them, brought an action upon the receipt; the defendant afterwards filed his petition in bankruptcy, was decreed a bankrupt, obtained his certificate of discharge, and pleaded it in bar of the action; *it was held,* that the action could be no further maintained.

THIS case came before the Court upon an agreed statement of facts, the substance of which appears in the opinion of the Court. A demand for the property had been made; and this suit had been commenced before either of the defendants had filed his petition in bankruptcy. The statement concluded thus: " If such certificates, in the opinion of the Court, operate as a full discharge of the defendants from said receipt, judgment is to be rendered for them; otherwise for the plaintiff."

*A. W. Paine,* for the plaintiff, said that the only question presented was, whether the obligation of the defendants was a fiduciary one, or a trust, within the meaning of the first section of the bankrupt act, and therefore not discharged by the bankrupt certificate. He contended, that the certificates offered in this case were no bar to the action.

A trust is an equitable right, title or interest in property distinct from the legal ownership thereof. 2 Story's Eq. § 964. The receipters are estopped to deny, that they received the goods of the plaintiff. Story on Bailm. § 125; *Bursley* v. *Hamilton,* 15 Pick. 40; *Smith* v. *Cudworth,* 24 Pick. 196. By the attachment the officer acquires a special property in the goods, and becomes, *pro hac vice,* the owner of them. 13 Mass. R. 394; 21 Pick. 318; 6 Johns. R. 195; 2 Saund. 47; Story on Bailm. § 125. He may maintain an action, if his possession is violated. Story on Bailm. § 125. Or he may take the property from the possession of any one, even the debtor, who is permitted by the receipter to have it. 13 Mass. R. 394; 11 Mass. R. 242; 3 Fairf. 328.

The receipter has no interest in the property, other than a bailee or servant, and can maintain no action for it, the possession being still considered to be in the officer. Story on Bailm. § 133; 8 Cowen, 137; 14 Mass. R. 217; 9 Mass. R. 104 and 265; 7 Cowen, 294. And the custody of the goods is in the officer until the attachment is dissolved, whether they are in the hands of the receipter or of the officer. *Carr* v. *Farley*, 3 Fairf. 328; *Woodman* v. *Trafton*, 7 Greenl. 178. Or the officer may be sued in replevin for the goods while in the hands of the receipter. *Small* v. *Hutchins*, 1 Appl. 255. The receipter is regarded in law as the bailee merely of the property. Cases before cited.

As the receipter is a mere bailee of the property, and responsible for the goods in specie, and has had them delivered to him to keep and return specifically, his liability cannot with propriety be called a debt, nor can it be said that he owes a debt. He holds in the same manner as a mechanic does property put into his hands to have labor bestowed upon it, or a carrier, wharfinger, innkeeper, executor, administrator, or guardian. The receipter's holding is in trust, or of a fiduciary character. Bailments are considered in equity as the simplest kind of trusts, although there may not in all cases be a remedy in equity, because a full legal one exists. 2 Story's Eq. § 1041, 1196; 1 Story's Eq. § 464, 534. Trust funds are not assets in bankruptcy, and trust debts cannot be proved in order to take a dividend.

The fact that the principal debtor is receipter, does not change the character of the holding, the property still being in the officer, and subject to his right of revesting the possession in himself at any time.

*J. Godfrey*, for the defendants, said that the only liability of the defendants was by contract, and which was the proper subject of proof as a debt in bankruptcy. The certificates, therefore, are a full defence to the action, and the debtors should be dischaged. The property went back into the possession of the debtors on giving the receipt, the attachment was dissolved, and the property could have been attached and

held by another officer. The defendants were bound to the plaintiff as much as if they had given a note of hand for the amount. When the property went back into the hands of the defendants, it was as if it never had been attached, and the plaintiff had no right in it, or power to control it. This action is assumpsit on the contract, and no action of trover for the property could have been maintained. There is no bailment here, and no trust of any description, but a mere contract. The certificates furnish a complete defence. He cited *Woodman* v. *Trafton,* 7 Greenl. 178; and *Gower* v. *Stevens,* 19 Maine R. 92.

The opinion of the Court was drawn up by

WHITMAN C. J. — By the agreed statement of facts, it appears, that the plaintiff, as deputy sheriff, had in his possession a writ of attachment against the defendants, and in favor of Messrs. Hovey & Pratt; that, by virtue thereof, he attached a quantity of lumber as the property of the defendants; but did not remove it from their possession; that, instead of doing so, he took a receipt, signed by them and others, acknowledging the attachment, and promising safely to keep the lumber, and deliver it to him in as good order as when received, and free from expense to him; that judgment was thereafter recovered in the action, and execution thereon issued against the defendants, and a demand seasonably made of them to restore the lumber, which, not being done, this action was commenced, founded on this breach of their contract.

The defence set up is, that, after the commencement of this suit, the defendants, under the statute of the United States, c. 9, of 1841, became certificated bankrupts; and it is contended, that this discharges them from liability on account of the breach of their said contract.

In reply to this, it is insisted, that, by the provisions of the statute referred to, the case of the defendants is excepted from its operation; that it comes within the description of those acting in a fiduciary capacity; that possession taken of goods attached, upon giving a receipt therefor, constitutes a trust;

that it is like the cases of bailment in various other modes; and of the same class with that of public officers, executors, administrators and guardians, named in the same statute.

What shall constitute a "fiduciary capacity" is not defined in the statute; and cases may undoubtedly occur, in which it may not be easy to determine when such capacity exists. If the defendants were not the original debtors, as well as defendants in this suit, but were strangers to the former suit, and had merely entered into an engagement for the safe custody and restoration of the property upon demand, perhaps we should find no difficulty in coming to the conclusion, that their undertaking was of a fiduciary character. Such receipters would have no right of property in the goods; they would be bound only as faithful servants to keep the goods safely, and have them forthcoming when called for. If they were to fail in doing either they might be liable in an action sounding in tort.

But the situation of the defendants was different. They were the general owners of the property attached; and the plaintiff, if he can be regarded as having actually attached it, left it undisturbed in their possession, and under their control. According to the authority cited by their counsel, (*Gower* v. *Stevens*, 19 Maine R. 92,) such an attachment was nugatory. It is there said, "It has never been understood, that he (the officer) could, consistently with preservation of the lien, constitute the debtor his agent to keep the chattels attached." And *Woodman* v. *Trafton. & al.* 7 Greenl. 178; and *Bruce* v. *Holden*, 21 Pick. 187, are cited as "strong authorities to show, that an attachment is dissolved by leaving the property in the hands of the debtor." There is an exception by our statute, in reference to this rule; but the case before us does not come within it. The plaintiff, therefore, was divested of any special property in the lumber attached, if any he ever had; and could not maintain any action therefor, sounding in tort, against the defendants. His claim, therefore, if any he has against them, must be grounded upon the contract.

How far the contract between the plaintiff and defendants, under such circumstances, was obligatory in its origin, we are

not called upon to inquire. The simple proposition stated for the determination of the Court is, whether the discharge in bankruptcy annulled the liability of the defendants.

The language of the bankrupt act, being the statute before cited, c. 9, of 1841, § 1, is, that all persons owing "debts" may take the benefit of the act, by declaring, among other things, that they are "unable to meet their *debts* and engagements;" and in § 4, that, having conformed to the requirements of the statute, the bankrupt "shall be entitled to a full discharge from all his debts;" and, in the same section, that his discharge and certificate, "when duly obtained, shall in all courts of justice, be deemed a full and complete discharge of all the debts, contracts and other engagements of such bankrupt, which are proveable under this act." And in § 5, "that all creditors, whose debts are not due and payable until a future day, all annuitants, holders of bottomry and respondentia bonds, holders of policies of insurance, sureties, indorsers, bail, or other persons, having *uncertain or contingent* demands against such bankrupt, shall be permitted to come in, and prove such *debts* or *claims.*"

The question remaining is, was this claim a "debt" from which the defendants were discharged, within the meaning of the clauses cited. They are all to be taken together; and it is often indispensable that we should look to every part of a statute in order to determine its import in reference to any particular point. By doing so it will become manifest that the word "debts" used in the first and fourth sections, from which the bankrupt is to be discharged, has a more extended signification, than, from its ordinary literal import would seem to be implied; for in the latter part of the fourth section the bankrupt is to be discharged from all his debts, contracts and other engagements, which are proveable under the act; and the fifth section particularizes the different kinds of demands, which shall be proveable against the bankrupt. Uncertain and contingent demands, are among those there named. The word "debt," then, which entitled a debtor to go into bankruptcy, included such demands. The demand in this case,

Fowles *v.* Treadwell.

however, could not at the time of the commencement of this action, and before the defendants went into bankruptcy, be considered as contingent ; and the amount recoverable only was uncertain. The engagement of the defendants, under the circumstances of this case, was simply to keep a certain quantity of their own lumber, and deliver it to the plaintiff on demand ; and this engagement had been broken; so that nothing remained but an ascertainment of the damages for the breach. It was in this view of the case, not materially distinguishable from the common case of a person, who may for value received, have engaged to deliver goods on demand. On the breach of such a contract, the value of the goods would be recoverable ; and if judgment were recovered therefor it would become a debt; and before judgment it would be a demand; and uncertain in amount, and within the purview of the bankrupt act.

The only species of action, which the plaintiff could maintain against the defendants, is assumpsit on the contract; and he has accordingly so declared. If he can recover, it will remain only to ascertain his damages, which, as the case stands, would be the value of the lumber receipted for. It was then a debt or demand within the purview of the statute. We are therefore brought to the conclusion, that the certificates of the defendants must be admitted as a bar to the plaintiff's claim.

*Plaintiff nonsuit.*